## LUSCOMB v. MALOY.

Judgment: VACATION OF. That a party intending to appear and defend in an action, was, while on a journey, attacked with a severe illness, and thereby rendered incapable of attending to and interposing his defense, which is shown to be a valid one, is good ground, under subdivision 7, section 3499 of the Revision, for the vacation of the judgment rendered by default.

*Appeal from Tama District Court.*

FRIDAY, JANUARY 29.

THIS is a proceeding upon the petition of plaintiff to vacate a certain decree of foreclosure rendered upon default, and for a trial upon the merits. The decree was rendered within one year previous to the commencement of this proceeding. The defendant herein was plaintiff in the foreclosure action, and the plaintiff in this proceeding and another, were the defendants in that action. A demurrer to the petition was sustained. Plaintiff appeals.

*Lamb & Street* for the appellant.

*Boardman & Brown* for the appellee.

BECK, J. — The petition, among other grounds for the relief asked, which are not necessary to be considered, sets JUDGMENT: out a sufficient defense to a recovery upon the vacation of. mortgage, alleging that it was given for the price of certain sheep purchased by plaintiff herein, of defendant, and represented by him to be free from disease, while he well knew that they were diseased with the scab ; that plaintiff, relying upon said representations of defendant, purchased said sheep, whereby he sustained loss and damage in a sum greater than the amount secured by said mortgage, etc. The petition further alleges, that, after plaintiff was served with the original notice in

the foreclosure action, he intended to appear thereto and defend, but while upon a journey some time before the term of the court at which the decree of foreclosure was rendered, being the first term after the commencement of the action, he was attacked with severe and dangerous sickness so that his life was despaired of, and his mind was so affected and impaired that he was rendered incapable of giving any attention to his defense against said mortgage, or to any other business, and that he continued in that condition until after the adjournment of the court at which the decree was rendered.

The demurrer to the petition strikes at its sufficiency, and denies that it states facts upon which relief can be given. It also, as a special ground of objection, sets up the defense that the remedy is not sought in the proper proceeding.

Revision, section 3499 provides, that, for unavoidable casualty or misfortune, whereby a party is prevented from defending an action, the court may vacate a judgment. The sections immediately following prescribe that the proceedings shall be by petition, and the pleadings therein shall conform to the rules governing in original actions by ordinary proceedings. Before the relief can be granted, it must appear that there is a valid defense to the action in which the judgment sought to be vacated was rendered. These provisions seem to be applicable to the case made by plaintiff's petition. The plaintiff, as appears therein, had a defense to the action of foreclosure, and was only prevented making that defense by his misfortune, in the way of dangerous and protracted sickness, which rendered him incompetent so to do. It appears to be one of the class of cases intended to be reached by the provisions of the Revision above referred to.

The objection raised in the demurrer, that this proceeding is not the proper remedy, is not well taken.

The demurrer of defendant to plaintiff's petition should not have been sustained, and the judgment of the District Court is therefore

. Reversed.